FILED
2015 Mar-17 PM 02:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| PERNELL JOHNSON, ) | |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | 6:14-cv-02257-LSC |
| ) | |
| WALKER COUNTY, ALABAMA, ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF OPINION

Before the Court are partial motions to dismiss filed by Defendant Walker County, Alabama (Doc. 11) and Defendants Trent McCluskey ("McCluskey"), John Mark Tirey ("Tirey"), and Jim Underwood ("Underwood"). (Doc. 13.) Also before the Court is a motion to strike filed by the Plaintiff. (Doc. 19.) For the reasons stated below, the motions to dismiss are due to be granted in part and denied in part, while the motion to strike is due to be granted.

I.   Background[1]

Plaintiff Pernell Johnson ("Johnson") brings this suit based on events that

---

[1] The facts in this opinion are gleaned from the Plaintiff's complaint, with all statements of fact therein accepted as true. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1226, 1231 (11th Cir. 2000).

occurred while he was a prisoner in the Walker County Jail ("the Jail"). Tirey and Underwood each served as sheriff of Walker County during times relevant to this suit, while McCluskey was the jail administrator for the Jail.

Johnson entered the Jail in or about August 2014, having previously been diagnosed with congestive heart failure and having been prescribed medication for that condition. A bond hearing was held prior to his incarceration, where a nurse from the Jail testified that the Jail could adequately continue Johnson's treatment. Based on this testimony, the judge denied Johnson's request for a lower bond, and Johnson remained in the Jail.

Johnson was not provided with any medical care for his congestive heart failure during his incarceration, nor was he provided prescription medication to treat his other medical conditions. As a result, he suffered a stroke and had to be transported to UAB Hospital for treatment. Johnson remained in the ICU unit at UAB Hospital at the time of his complaint.

Johnson filed his complaint on November 21, 2014, alleging claims under 42 U.S.C. §§ 1983, 1988, the U.S. Constitution, and state law. The only claims brought before the Court by the instant motions are Counts II, III, and IV of his complaint. Count II asserts that the Defendants failed to properly train and supervise correctional officers to administer adequate medical treatment. Count III alleges that a civil

conspiracy existed among Defendants to keep costs low, and that this conspiracy resulted in Johnson's inadequate medical treatment. Count IV complains of negligent and wanton retention of incompetent staff. On January 5, 2015, Defendants filed motions to dismiss these counts for failure to state a claim upon which relief can be granted, and to dismiss Johnson's requested equitable relief for lack of subject-matter jurisdiction.

II.   Standard of Review

   A.   Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotations omitted). This is a notable departure from the "no set of facts" standard; the Supreme Court has stated that standard is "best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 563 (2007).

*Iqbal* establishes a two-step process for evaluating a complaint. First, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. A complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Factual allegations in a complaint need not be detailed, but they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

B.   Rule 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction. When the attack is a facial—as opposed to factual—challenge on the Court's jurisdiction, the Court treats the Complaint's allegations as true, as it does under a 12(b)(6) motion. *Carmichael v. Kellogg, Brown & Root Svcs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

With regard to Defendants' challenge to Johnson's standing to request equitable relief, standing is an Article III doctrine limiting the jurisdiction of the federal courts

to actual "cases" and "controversies." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014). As Johnson is the party invoking this Court's jurisdiction, he has the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992).

"[E]ach element of standing must be supported 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136). When raised at the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014). However, a defendant may raise a facial attack upon a plaintiff's standing, and the Court must consider whether the allegations in the complaint, taken as true, support an inference of standing. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

III. Analysis

    A. Claims against Walker County

        1. Failure to Train and Supervise

Johnson alleges that Walker County had a duty to train the officers and staff of the Jail in the proper medical treatment of inmates, that the County failed in this duty, and that as a result of this failure Johnson was injured. (Doc. 1 at 7-8.) Johnson further argues that this failure to train and supervise Jail staff to provide adequate medical care constituted deliberate indifference which directly resulted in Johnson's injuries. (Doc. 1 at 8.) "Deliberate indifference to a prisoner's serious medical needs is a violation of the Eighth Amendment," *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1326 (11th Cir. 2007), and can therefore give rise to a claim under 42 U.S.C. § 1983.

Walker County has a duty under Alabama law to provide funds for both the medical care of inmates and for the upkeep of the Jail building. Ala. Code § 14-6-19 (1975). The County does not, however, participate in the daily operation of the Jail or the creation of its policies; it merely provides the funding. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc) (abrogated on other grounds by *Twombly*, 550 U.S. 544). Thus, while a county may be held liable for the conditions of the jail building itself, *see Marsh*, 258 F.3d at 1027-28, it will generally not be held liable for acts of jail personnel. *See Turquitt v. Jefferson Cnty, Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998). This is for the simple reason that "authority over inmates is expressly delegated to Alabama sheriffs[, and] in operating the jails, sheriffs are subject to control by state executive agencies, not by counties." *Id.*

Johnson correctly points out that the County has a non-delegable duty to provide for indigent prisoners' medical treatment, *Ancata v. Prison Health Svcs., Inc.*, 769 F.2d 700, 705 (11th Cir. 1985), and argues that a lack of adequate funding can support a deliberate indifference claim. While it is true that a lack of adequate medical funding can support a deliberate indifference claim against a county, *see Bell v. Shelby Cnty., Ala.*, No. 2:12-CV-2991-LSC, 2013 WL 2248247, at *6 (N.D. Ala. May 21, 2013), it can only support a deliberate indifference claim based on that lack of funding, not based on failure to properly train and supervise the Jail's medical staff. The County's responsibility is to provide adequate funding for medical care, not to itself undertake the direct training and supervision of the Jail's medical staff. Count I of Johnson's complaint already alleges a violation based upon insufficient funding by the County, and the County has not sought dismissal of that claim; Count II does not. For these reasons, Plaintiff's claim against Walker County alleging deliberate indifference in failing to train and supervise medical staff is due to be dismissed.

2. Negligent and Wanton Retention

In Count IV, Johnson alleges that the County negligently and wantonly retained the incompetent correctional officers and medical staff and that this retention led to his injuries. (Doc. 1 at 9-10.) Johnson has stipulated to the dismissal of this claim against Tirey, Underwood, and McCluskey, but has not done the same with regard to

his claim against the County. (*Cf.* Doc. 21 at 5; Doc. 20.) Nevertheless this claim is due to be dismissed for the same reasons given above. Unlike in *Ancata*, where the prisoner alleged that the county itself had established policies relating to prisoners' medical treatment or had provided insufficient funds, 769 F.2d at 704-05, Johnson makes no such allegations here. Count IV only alleges that the County failed to exercise care in retaining incompetent jail personnel. That duty belongs to the sheriff, not the County, and thus Count IV of Johnson's complaint against the County is due to be dismissed. *See Marsh*, 268 F.3d at 1027.

      3.      Civil Conspiracy

Johnson alleges in Count III that "Defendants . . . have formed and carried out an unwritten agreement to cut costs and in turn spend less on the care and treatment of Walker County inmates." (Doc. 1 at 9.) This conspiracy, in turn, led to the inadequate medical care provided to Johnson and thus constitutes a violation of the Constitution. (*Id.*)

These conclusory statements are not enough to survive a motion to dismiss. Johnson points to the Eleventh Circuit's conclusion in *Bendiburg v. Dempsey* to argue that he need not "produce a 'smoking gun' [to prove conspiracy] when nothing more than an 'understanding' and 'willful participation' between private and state defendants is necessary to show the kind of joint action that will subject . . . parties to

§ 1983 liability." (Doc. 20 at 10-11, quoting *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990).) While this is undoubtedly true, it does not absolve Johnson of his duty to plead facts that plausibly allege that a conspiracy actually existed. *See Iqbal*, 556 U.S. at 678-79. In *Bendiburg*, the plaintiffs plead specific facts: that the defendants intentionally exaggerated the seriousness of a minor's medical condition for the purpose of supplying state officials with a pretext to remove the child from the custody of his father. *Bendiburg*, 909 F.2d at 469. That court concluded that these facts, if proven, could subject the parties to liability. *Id.* But here, Johnson has not provided any facts that, if proven, would show that a conspiracy existed among the Defendants; he has simply made the conclusory claim that Defendants "have formed and carried out an unwritten agreement to cut costs." (Doc. 1 at 9.) This does not satisfy the *Twombly* pleading standard.

Though the pleading currently does not meet the standard laid out in *Twombly* and *Iqbal*, were Johnson to plead his claims with sufficient particularity and using actual facts, the pleading could survive a motion to dismiss. Federal Rule of Civil Procedure 15(a)(2) suggest that this Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). As such, Plaintiff's request for leave to amend this particular count with more particular facts is due to be granted.

    4.    Claim for Equitable Relief

In his complaint, Johnson asks this Court to "[o]rder the Defendants, their officers, agents and employees to adopt and implement policies and procedures to remedy the pattern and practice of conduct" that is the subject of his complaint. (Doc. 1 at 12.) The County has raised a facial challenge to his standing to pursue this request for declaratory and injunctive relief. (Doc. 12 at 8-10.) Unlike money damages, both declaratory and injunctive relief are forms of prospective relief. *See McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1325 (11th Cir. 2013); *see also Church*, 30 F.3d at 1337. "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001)).

In his response to the County's motion to dismiss, Johnson argues that he has standing to sue because the County is not due Eleventh Amendment immunity from prospective relief. (Doc. 20 at 9-10.) But immunity is different from the standing question, and Johnson must still show why this Court has jurisdiction to hear his claims for equitable relief. To do that, even assuming that Johnson has suffered an injury in fact and that the injury is traceable to the Defendants, Johnson must show that the relief he requests will actually redress his own injury. *See Lujan*, 504 U.S. at 560.

Although Johnson has plead facts that suggest he was harmed while at the Walker County Jail, this only establishes a live controversy on a claim for money damages and not a claim for injunctive relief. *See Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past injury."). Johnson has not suggested that he will be under the care of Defendants and that equitable relief is in any way necessary to prevent the same harm from happening to him again. Though he alleges that the County "is the entity which has custody" over him, he also states that at the time he filed the complaint, he remains at UAB Hospital "pending further orders from UAB." (Doc. 1 at 2, 6.) It is not clear from the plead facts what will happen to Johnson next, nor is it clear even if he returns (or has returned) to the Jail that "he will be affected by the allegedly unlawful conduct in the future." *Koziara*, 392 F.3d at 1305 (internal quotations omitted). Therefore, Johnson has failed to plead sufficient facts to suggest that he faces the future injury needed to establish standing to seek injunctive relief.

It is Johnson's burden to prove that he has standing to request the relief he seeks, and he has not met this burden. However, with more facts he may be able to do so, and it is therefore not futile for the Court to allow him the opportunity to amend his complaint to plead more facts in order to show standing. *See Cockrell v. Sparks*, 510

F.3d 1307, 1310 (11th Cir. 2007) (noting that amendment is futile when a complaint would still be appropriately dismissed as amended). As such, Johnson's request to amend his complaint to show standing is due to be granted.

    B.    Claims against Tirey, Underwood, and McCluskey

        1.    Failure to Train and Supervise

Johnson argues that Tirey, Underwood, and McCluskey had a duty to properly train and supervise the Jail's correctional officers to provide adequate medical care and that because of a lack of training and supervision he was injured by the lack of adequate medical care. (Doc. 1 at 7-8.) Thus, these Defendants "exhibited reckless disregard for, and deliberate indifference to, the constitutional right of [Johnson] to receive adequate medical care and treatment while in the custody of the Walker County Jail." (Doc. 1 at 8.)

These are conclusory statements that cannot survive a motion to dismiss under the pleading standard of *Twombly* and *Iqbal*. But unlike with his failure to train and supervise claim against the County, if Johnson were to plead this claim with more particular facts, he may be able to state a survivable claim upon which relief could be granted. As such, Johnson will be given leave to amend this Count to state a sufficient claim.

        2.    Civil Conspiracy

For the same reasons stated in Part III(A)(3), Johnson has not plead adequate facts for the claim of civil conspiracy to survive the motion to dismiss. However, as with the same complaint against the County, Johnson's request to amend his pleading to provide more particular facts with regard to this count is due to be granted.

###### 3. Negligent and Wanton Retention

Johnson has stipulated to the dismissal of Count IV of his complaint, alleging negligent and wanton retention of incompetent staff, against Tirey, Underwood, and McCluskey. (Doc. 21 at 5.) Accordingly, this claim is due to be dismissed.

###### 4. Equitable Relief

For the same reasons stated above in Part III(A)(4), Johnson has failed to establish that he has standing to pursue prospective equitable relief against Defendants. However, Johnson will be given the opportunity to amend his complaint to plead sufficient facts to carry his burden of proving appropriate subject-matter jurisdiction.

#### C. Motion to Strike

Johnson has filed a motion to strike footnote 1 from the Defendants' motions to dismiss. (Doc. 19 at 1, referencing Doc. 14 at 2 fn. 1.) That footnote alleges that "[d]iscovery will reveal that Plaintiff was receiving his medications (supplied by the Defendants) for his heart and blood pressure issues but was non-compliant in taking

his medications. The facts will show that his stroke and medical issues were caused by his own hands and not by any of the Defendants." (Doc. 14 at 2 fn. 1.)

Johnson's motion to strike is due to be granted. Under the motion to dismiss standard, the Court's review is limited to "the four corners of the complaint." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). Additionally, under Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The Court declines to consider the outside material and thereby convert Defendants' motions into premature motions for summary judgment. Therefore, Johnsons's motion to strike is due to be granted.

IV. Conclusion

Johnson's claims against Walker County stand as follows: Count II (failure to train and supervise) and Count IV (negligent and wanton retention of incompetent officers) do not state a claim upon which relief can be granted and are due to be dismissed. Plaintiff is given the opportunity to amend Count III (civil conspiracy) in order to plead particular facts that demonstrate an entitlement to relief, as well as to amend his request for equitable relief in order to show standing. Counts I and VI, the only two other claims against the County, remain in full.

Johnson's claims against Tirey, Underwood, and McCluskey stand as follows:

Count II (failure to train and supervise) and III (civil conspiracy) currently do not meet the appropriate pleading standard, but Johnson is given the opportunity to amend these claims and plead facts with particularity. He is also given leave to amend his request for equitable relief to show standing. Count IV (negligent and wanton retention) is due to be dismissed per Johnson's stipulation. This leaves Counts I and VI, the only other two claims against these defendants, remaining in full.

Finally, Johnson's motion to strike footnote 1 from the Defendants' motions to dismiss is due to be granted.

A separate order will be entered.

Done this 17th day of March 2015.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177825